UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PARKS, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv0989-GPC(RBB)<br><br>**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE** |

　　　IT IS HEREBY ORDERED that an early neutral evaluation of your case will be held <u>by telephone</u> before United States Magistrate Judge Ruben B. Brooks on **August 5, 2020**, at **9:00 a.m.**  The Court will provide counsel with call-in instructions prior to the conference.  If circumstances relating to the COVID-19 public emergency have improved prior to the scheduled date, the Court will notify the parties that it will conduct the conference in person.

　　　Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, all parties (including those who are indemnified by others), claims adjusters for insured Defendants and non-lawyer representatives with full

1

and unlimited authority[1] to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  Failure to attend or obtain a proper excusal will be considered grounds for sanctions.

Early neutral evaluation conference briefs should be submitted in every case.  They are to be submitted three business days before the early neutral evaluation conference by email to chambers at efile_brooks@casd.uscourts.gov.  All conference discussions will be informal, off the record, privileged and confidential.  Absent good cause shown, if any party, counsel or representative fails to promptly appear at the settlement conference, fails to comply with the terms of this Order, including the failure to timely provide the settlement conference memoranda WHEN REQUESTED, is substantially unprepared to meaningfully participate in the settlement conference, or fails to participate in good faith in the settlement conference, the settlement conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B), (C), and (D), Federal Rules of Civil Procedure.

Dated:  July 7, 2020

Hon. Ruben B. Brooks
United States Magistrate Judge

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. Id. at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).