UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PARKS, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>  Defendants. | Case No.: 20cv0989-TWR(RBB)<br><br>**ORDER DENYING AS MOOT DEFENDANTS' MOTION TO ENFORCE 11/18/2020 ORDER REGARDING COMPENSATION OF DR. DANIEL ELLIOTT AND FOR OTHER RELIEF INCLUDING SANCTIONS [ECF NO. 125] AND MOTION FOR LEAVE TO FILE CONFIDENTIAL EXHIBITS UNDER SEAL [ECF NO. 123]** |

On December 30, 2020, Defendants Ethicon, Inc. and Johnson & Johnson filed a Motion to Enforce 11/18/2020 Order Regarding Compensation of Dr. Daniel Elliott and for Other Relief Including Sanctions [ECF No. 125] and a Motion for Leave to File Confidential Exhibits Under Seal [ECF No. 123]. Plaintiff Donna Parks filed an opposition and a response to Defendants' motions, respectively, on January 19, 2021 [ECF Nos. 126, 127]. At the parties' joint request, the hearing date on the motions was continued from February 2, 2021, to February 23, 2021 [ECF No. 129]. Defendants filed a reply brief on February 16, 2021 [ECF No. 131]. The Court held a hearing on the motions on February 23, 2021 [ECF No. 134].

For the reasons discussed below, Defendants' Motion to Enforce 11/18/2020 Order and Motion for Leave to File Confidential Exhibits Under Seal are **DENIED AS MOOT**.

## I.   BACKGROUND

On August 28, 2020, Ethicon, Inc. and Johnson & Johnson filed Defendants' Motion to Enforce MDL Discovery Order Regarding Compensation of Dr. Daniel Elliott [ECF No. 95]. On September 23, 2020, Defendants filed their reply brief in support of the Motion to Enforce [ECF No. 102] and a separate Motion for Leave to File Confidential Exhibits Under Seal in Connection with Reply Brief [ECF No. 99]. The Defendants sought to file under seal a document previously designated as confidential by Plaintiff Parks. (Defs.' Mot. Leave to File Confidential Ex. 2, ECF No. 99.) They explained: "[G]iven Plaintiff's designation, the parties met and conferred in an effort to redact this document or to otherwise agree for this document to be filed publicly. However, Plaintiff did not agree, and Defendants therefore respectfully request that this document be conditionally filed under seal." (Id.)

Defendants subsequently filed a Notice of Supplemental Authority in Support of Motion to Enforce MDL Discovery Order [ECF No. 107]. Their Notice of Supplemental Authority prompted Plaintiff to file a response [ECF No. 112]. Plaintiff's response was accompanied with a Motion to File Documents Under Seal [ECF No. 113].

> Plaintiff Donna Parks hereby moves the Court for an order pursuant to Fed. R. Civ. P. 26(c) and pursuant to MDL 2327 Pretrial Order No. 11 to file under seal certain documents that Plaintiff has designated and produced as "confidential" and which is attached to Plaintiff's Response to Defendants' Notice of Supplemental Authority (ECF No. 112). Plaintiff's Motion contains an exhibit (Exhibit C at ECF No. 112-3) that discusses and discloses sensitive and confidential financial compensation of a non-party witness . . . . The exhibit with the "Confidential" designation is filed conditionally under seal with the request [it] be sealed and entered on the docket of this case if the Court deems it appropriate.

(Pl.'s Mot. File Docs. Under Seal 2, ECF No. 113.)

///

On November 18, 2020, this Court issued an Order Granting in Part and Denying in Part Defendants' Motion to Enforce MDL Discovery Order Regarding Compensation of Dr. Daniel Elliott [ECF No. 95] and Granting Motions to Seal [ECF Nos. 99, 113]. The Court ordered the immediate production of Dr. Elliott's compensation records as previously ordered in the multidistrict litigation ("MDL") action in the Southern District of West Virginia, In Re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation, MDL No. 2327, Case No. 2:12-md-2327. (Id. at 19-20.)  The Court also granted Defendants' requests for a two-hour deposition of Dr. Elliott regarding his compensation records and for the payment of their attorney's fees for having to enforce the MDL order. (Id. at 20.)  Defendants' motion to conditionally file a document Plaintiff designated as confidential and Plaintiff's motion to file a document under seal were both granted.  (Id.)

In their Motion to Enforce 11/18/2020 Order presently before the Court, Defendants initially contended that Plaintiff's counsel and Dr. Elliott had ignored the November 18, 2020 Order by failing to produce complete compensation information, provide deposition availability for Dr. Elliott, and pay for Defendants' attorney's fees. (Defs.' Mot. Enforce 4-6, ECF No. 125.)   Plaintiff responded that Defendants had violated the requirement to meet and confer prior to filing their motion.  (Pl.'s Opp'n 7-10, ECF No. 126.)  Parks stated that her counsel had made a good faith effort to comply with the November 18, 2020 Order and had provided a revised compensation case list for Dr. Elliott on December 18, 2020.  (Id. at 4-6, 10-15.)  Plaintiff also advised that she had paid the attorney's fees award and was working with Defendants on issues relating to Dr. Elliott's deposition, including whether he would be deposed once or three times (in this case and in two other pelvic mesh pending against Defendants).  (Id. at 4, 14-15.)

On December 30, 2020, the same day Defendants filed their Motion to Enforce, they filed a Motion for Leave to File Confidential Exhibits Under Seal; their motion acknowledges that Plaintiff asserts Dr. Elliott's compensation information is confidential. (Mot. Seal 3, ECF No. 123.)  Defendants ask that Exhibits G and H to the Declaration of Mollie F. Benedict in Support of Motion to Enforce, which consist of a Declaration of

Daniel Elliott, M.D. dated December 18, 2020, and a document entitled "Elliott 5 YR Case List Spreadsheet," respectively, be conditionally filed under seal because the documents had been designated as confidential by Plaintiff. (Id.) Defendants request that the Court "conditionally lodge these documents under seal subject to Plaintiff making a showing as to why the document[s] should be sealed" and submit that Exhibits G and H should be "ordered publicly filed" if Plaintiff does not make a sufficient showing. (Id. at 4.) In response, Plaintiff argues that the documents contain "confidential financial information, including dollar amounts for services provided by Dr. Daniel Elliott, who is not a party to this case." (Pl.'s Resp. 2, ECF No. 127.) Parks contends that good cause exists to seal the documents, and notes that this Court previously allowed similar documents to be filed under seal. (Id., citing Order Granting in Part & Den. in Part Defs.' Mot. Enforce & Granting Mots. Seal 8 n.6, ECF No. 117.) Defendants counter that courts have "repeatedly allowed public disclosure of Dr. Elliott's compensation information in trials where his testimony had been presented." (Defs.' Reply 4, ECF No. 131.) In their view, "[i]t would be fundamentally unfair and wholly misleading to allow Plaintiff to hide the more accurate compensation amount that has now been revealed" and would be "contrary to the interests of judicial economy to allow Plaintiff's counsel to limit disclosure of Dr. Elliott's compensation" to this case and the two other pelvic mesh actions against Defendants being handled by Plaintiff's counsel. (Id. at 5.)

     Plaintiff and Defendants continued to work to resolve the remaining disputes. In their Joint Motion to Continue Hearing and Reply Deadline filed on January 21, 2021, the parties indicated that they had had "productive discussions" regarding the issues raised in Defendants' Motion to Enforce the 11/18/2020 Order and hoped to either resolve or substantially narrow the disputes requiring resolution by the Court. (Joint Mot. 2-3, ECF No. 128.) In their subsequent reply brief, Defendants stated that it was their "hope that all but one of the open issues can be sufficiently resolved prior to the February 23 hearing." (Reply 1, ECF No. 131.) The remaining issue requiring resolution by the

Court concerned the confidentiality of Dr. Elliott's expert compensation information. (Id.)  At the February 23, 2021 hearing, Defendants confirmed that they had received updated compensation documentation for Dr. Elliott the night before, the information produced thus far was sufficient, and they planned to address any remaining questions during Dr. Elliott's deposition.  The parties also reported that they had agreed that one deposition would suffice for all three cases in which Dr. Elliott's deposition had been ordered.

## II. DISCUSSION

It is axiomatic that "[f]ederal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinion[s] advising what the law would be upon a hypothetical state of facts."  Chafin v. Chafin, 568 U.S. 165, 172 (2013) (internal quotations and citation omitted).  "A controversy is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"  Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 996 (9th Cir. 1993) (citations omitted).  When evaluating whether an issue is moot, the appropriate inquiry is "whether there is anything left for the court to do."  Western Oil and Gas Ass'n v. Sonoma Cty., 905 F.2d 1287, 1290 (9th Cir. 1990) (quoting Wright, Miller & Cooper, Federal Practice and Procedure, § 3532.1 (2d ed. 1984)).

Here, the issues presented to the Court are no longer live and there is nothing left for the Court to do.  In light of the representations made in Defendants' reply brief and at the February 23, 2021 motion hearing, the issues raised in Defendants' Motion to Enforce no longer require resolution by the Court.  This motion is accordingly **DENIED AS MOOT**.  Additionally, because the Motion to Enforce need not be resolved, it is unnecessary for the Court to render a decision on the attendant Motion for Leave to File Conditional Exhibits Under Seal.  See, e.g., M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur, 400 F. Supp. 3d 867, 897 (N.D. Cal. Sept. 5, 2019) (terminating motions to seal as moot when associated motions did not require court resolution); Certified Nutraceuticals, Inc. v. Clorox Co., Case No. 3:18-cv-00744-W-KSC, 2020 WL 4339489,

at *6-7 (S.D. Cal. July 28, 2020) (denying motion to seal as moot when exhibits to counsel's declaration were neither relevant nor necessary to court's determination of dispute).  The motion to seal is therefore also **DENIED AS MOOT**.

### III.   CONCLUSION

For the reasons discussed above, Defendants' Motion to Enforce 11/18/2020 Order and Motion for Leave to File Confidential Exhibits Under Seal [ECF No. 123] are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated:  March 23, 2021

Hon. Ruben B. Brooks
United States Magistrate Judge