UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PARKS; DELBERT PARKS, <br><br> Plaintiffs, <br><br> v. <br><br> ETHICON, INC.; JOHNSON & JOHNSON, <br><br> Defendants | Case No.:  20-CV-989-LL-RBB <br><br> **ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE BROOKS' JULY 29, 2021 ORDER** <br><br> (ECF No. 164) |

Presently before the Court is Plaintiff Donna Parks' Rule 72 Objection to Magistrate's Opinion and Order Granting Defendants' Motion Challenging the Confidentiality of Daniel Elliott, M.D.'s Compensation Information ("Obj.," ECF No. 164), as well as Defendants Ethicon, Inc. and Johnson & Johnson's Response in Opposition to ("Opp'n," ECF No. 169) and Plaintiff's Reply in Support of ("Reply," ECF No. 170) Plaintiff's Objection.  The Court vacated the hearing set for October 6, 2021, and took this matter under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 172.  Having carefully considered Magistrate Judge Ruben B. Brooks' July 29, 2021 Order Granting Defendants' Motion Challenging the Confidentiality

1    of Expert Compensation Information Pursuant to Stipulated Protective Order [ECF No.
2    138] and Denying Plaintiff's Motion for Protective Order [ECF No. 147] (ECF No. 160
3    (the "July 29 Order")), the Parties' arguments, the record, and the law, the Court
4    **OVERRULES** Plaintiff's Objection.

## BACKGROUND

6         On February 13, 2014, Plaintiff initiated this action as part of the multi-district
7    litigation *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, MDL No.
8    2327 (S.D. W.V.).  *See generally* ECF No. 1.  On December 16, 2019, Defendants moved
9    in the MDL for United States Magistrate Judge Cheryl A. Eifert to compel Plaintiff's
10   expert, Dr. Daniel Elliott, to produce records of his compensation for the past five years as
11   an expert witness in pelvic mesh cases.  *See* ECF No. 95-8 at 2–5.  On January 15, 2020,
12   after a telephonic hearing, (*see generally* ECF No. 95-3), Magistrate Judge Eifert granted
13   the motion and ordered production of Dr. Elliot's records regarding his compensation as
14   an expert witness in pelvic mesh cases by February 28, 2020.  *See* ECF No. 95-2 (the "MDL
15   Order").  On May 14, 2020, United States District Judge Joseph R. Goodwin transferred
16   this action to this District to be set for trial.  *See generally* ECF No. 55.

17        On August 28, 2020, Defendants moved for the Honorable Ruben B. Brooks to
18   enforce the MDL Order.  *See generally* ECF No. 95 ("1st Mot. to Enforce").  On November
19   18, 2020, finding Dr. Elliott and Plaintiff's production "deficient" and their search
20   "woefully inadequate," Magistrate Judge Brooks ordered Dr. Elliott to conduct a diligent
21   search and produce his compensation records within thirty days.  *See* ECF No. 117 (the
22   "Nov. 18 Order") at 19.  Magistrate Judge Brooks also allowed Defendants to take a two-
23   hour deposition of Dr. Elliott and, as a sanction, ordered Plaintiff to pay the attorneys' fees
24   Defendants had incurred to enforce the MDL Order.  *See id.* at 20.  Finally, in a footnote,
25   (*see id.* at 8 n.6), Magistrate Judge Brooks found good cause to file under seal Dr. Elliott's
26   September 14, 2020 declaration estimating his compensation as an expert witness.  *See id.*;
27   *see also* ECF Nos. 118, 119.

28   / / /

On December 30, 2020, Defendants moved to enforce Magistrate Judge Brooks' November 18 Order, claiming that Dr. Elliott and Plaintiff had violated it by failing to (1) produce complete compensation information, (2) provide Dr. Elliott's availability for a deposition, or (3) pay Defendants' fees. *See generally* ECF No. 125 ("2d Motion to Enforce"). After the filing of the Second Motion to Enforce, the Parties continued to work toward resolution of the issues raised. *See* ECF Nos. 128, 131. Magistrate Judge Brooks therefore denied as moot Defendant's Second Motion to Enforce on March 24, 2021, including the Parties' requests to file under seal Dr. Elliott's December 28, 2020 declaration and "Elliott 5 YR Case List Spreadsheet." *See* ECF No. 136 (the "Mar. 24 Order") at 5–6.

On April 14, 2021, Defendants filed the motion underlying the present dispute, Defendants' Motion Challenging the Confidentiality of Expert Compensation Information Pursuant to Stipulated Protective Order. *See generally* ECF No. 138 (the "Mot."). Specifically, the Motion concerned (1) Dr. Elliott's declarations and accompanying case lists produced on September 14 and December 18, 2020, and on February 12 and 22, 2021; (2) Dr. Elliott's compensation invoices provided in this action; and (3) the doctor's April 10, 2021 deposition testimony regarding compensation. *See* July 29 Order at 4. These records had been designated "Confidential" pursuant to the universal Stipulated Protective Order entered in the MDL on July 30, 2012, (*see* Mot. at 4; *see also* ECF No. 138-2 ("Prot. Order")), which provides:

> A producing party may designate as "CONFIDENTIAL" any material the producing party believes in good faith constitutes or discloses information that qualifies for protection pursuant to Fed. R. Civ. P. 26(c), specifically information that is trade secret or other confidential research, development, or commercial information, and materials that are deemed confidential under Federal Drug Administration ("FDA") regulations and Health Insurance Portability Act ("HIPAA") statutes and/or regulations.

*See* Prot. Order at 3. Defendants' Motion was brought under the Protective Order's provision for challenging such designations: "Any party may at any time challenge the redaction or the designation of information as CONFIDENTIAL . . . by providing written

notice of its objection to the designating party." *See id.* at 4.  Under the terms of the Protective Order, "the party claiming the designation of confidentiality or redaction has the burden of establishing that such confidential designation or redaction is proper." *See id.* at 4–5.

Following a hearing, (*see* ECF No. 146), and a round of supplemental briefing, (*see id.*; *see also* ECF Nos. 147, 149, 150), Magistrate Judge Brooks entered the July 29 Order to which Plaintiff now objects.  *See generally* ECF No. 160.  Because the Protective Order permitted materials to be designated "Confidential" if the material would qualify for a protective order under Federal Rule of Civil Procedure 26(c), (*see id.* at 5 (citing Prot. Order at 3)), Judge Brooks required Plaintiff to make a "good cause" showing.  *See id.* at 6.  First, Judge Brooks distinguished Plaintiff's cases recognizing the right to privacy of sensitive financial information on the grounds that (1) none of the cases addressed the protection of a retained expert's financial information; and (2) "Dr. Elliott is a retained partisan participant in this litigation," meaning "he cannot be considered a nonparty whose privacy is entitled to extra protection."  *See id.*

Second, Magistrate Judge Brooks was "unpersuaded" by Plaintiff's argument that Dr. Elliott's compensation information should remain confidential because the disclosures ordered by Magistrate Judge Eifert went "well beyond" the disclosures generally required of an expert.  *See id.* at 7 (citing ECF No. 147 at 7–8).  Magistrate Judge Brooks noted that Dr. Elliott was "no ordinary expert witness" because "[h]is participation in pelvic mesh litigation is extensive," and that Plaintiff could have challenged Magistrate Judge Eifert's MDL Order in the MDL or in response to the First Motion to Enforce if there were concerns regarding the breadth of discovery ordered.  *See id.* (citing Mot. at 5).  Further, Magistrate Judge Brooks could "[]not find that Dr. Elliott had any reasonable expectation of privacy concerning the expert compensation he was paid in the past," (*see id.* at 7–8 (citing Fed. R. Civ. P. 26(a)(2)(B)(v)–(vi)); Fed. R. Civ. P. 26 advisory committee note to 2010 Amendment)), and concluded that Dr. Elliott could not have relied on the Protective Order because Dr. Elliott testified at his deposition that he had never asserted confidentiality with

respect to the invoices he had produced in other cases.  *See id.* at 8 (citing ECF No. 138-1 ¶ 4).

Magistrate Judge Brooks also found that Plaintiff had failed to meet her burden of establishing that "'specific prejudice or harm will result' from disclosure of Dr. Elliott's compensation information" because she "does not explain how [the] disclosure would be harmful to the expert."  *See id.* (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)) (citing ECF No. 144 at 7).  Further, "the only financial information of Dr. Elliott's subject to disclosure is the amount he earned as a retained expert in pelvic mesh litigation," not his "salary, net worth, tax records, credit rating, bank accounts, investments, and property interests."  *See id.*  In any event, "in weighing Dr. Elliott's privacy interests against disclosing the relevant information, the balance tips in favor of disclosure."  *See id.* at 9.

Ultimately, Magistrate Judge Brooks concluded that Dr. Elliot had failed to show good cause and, consequently, "Dr. Elliott's compensation information does not currently qualify for protection under Rule 26(c) nor does it have any additional level of protection because it was designated as 'Confidential' under the MDL universal protective order." *See id.* at 10.  Magistrate Judge Brooks therefore ordered that "the information, including Dr. Elliott's declarations and accompanying case lists, his compensation invoices, and his deposition testimony regarding compensation, may be publicly filed or otherwise disclosed in this case."  *See id.*  Magistrate Judge Brooks distinguished his November 18 Order allowing Dr. Elliott's September 14, 2020 declaration to be filed under seal on the grounds that the November 18 Order was a non-dispositive discovery order, (*see id.* at 11), and added that "[i]t is for other courts to determine whether documents produced in this case may be used in collateral litigation."  *See id.* at 10–11.

The instant Objection to Magistrate Judge Brooks' July 29 Order followed on August 12, 2021, on the grounds that Magistrate Judge Brooks committed clear error and that the July 29 Order was contrary to the law and contained clearly erroneous factual findings.  *See generally* ECF No. 164.

**LEGAL STANDARD**

"A party may serve and file objections to [a magistrate judge's non-dispositive pretrial order] within 14 days after being served with a copy." *See* Fed. R. Civ. P. 72(a). "The magistrate judge's order will be upheld unless it is 'clearly erroneous or contrary to law.'" *Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199 (S.D. Cal. 2003) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determination and discretionary orders and will be overturned 'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* at 1199–1200 (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)). "This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters." *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009) (citing *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002)), *aff'd*, 404 Fed. App'x 249 (9th Cir. 2010).

"The 'contrary to law' standard, however, permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (quoting *Computer Economics, Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)) (citing *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)); *see also Computer Economics*, 50 F. Supp. 2d at 983 ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law." (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992))). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3069 (3d ed. Apr. 2021).

**ANALYSIS**

Plaintiff contends that Magistrate Judge Brooks' July 29 Order, which determined that discovery pertaining to Dr. Elliott's expert compensation was not entitled to

/ / /

/ / /

"Confidential" Status and may be publicly disclosed, must be set aside for several reasons.[1] *See generally* Obj.  Defendants respond that "Dr. Elliott's compensation information cannot be considered confidential" because "[i]t has been produced again and again by him in deposition without an expectation of confidentiality," "[i]t has been put into evidence in multiple public trials[,]" and it has been "disclosed . . . in open hearings."  *See* Opp'n at 6.  Plaintiff replies that there was no waiver of Dr. Elliott's constitutional privacy rights "because personal financial information is 'presumptively privileged,' [and] it loses its privacy protection only if 'publicly disseminated on a wide-basis.'"  *See* Reply at 8 (quoting *Davis*, 43 F. Supp. 2d at 1111).

The Court agrees with Magistrate Judge Brooks and Defendants that Dr. Elliott's prior compensation as an expert witness is not confidential and therefore not entitled to protection under the Protective Order.  *See* July 29 Order at 7–8; Opp'n at 3–4, 6.  Simply stated, Dr. Elliott's prior expert compensation has been produced—without Dr. Elliott

---

[1] Specifically, Plaintiff raises the following objections:

(1)   Magistrate Judge Brooks erroneously placed the burden on Plaintiff to demonstrate "good cause" to seal the documents, while he should have required Defendants to establish sufficiently compelling reasons for their disclosure, (*see* Obj. at 11-13);

(2)   Magistrate Judge Brooks erroneously applied the balancing test, which is used to determine whether materials are discoverable, to conclude that Dr. Elliott's compensation information was disclosable, (*see id.* at 14-16);

(3)   Magistrate Judge Brooks clearly erred when he determined that Dr. Elliott "cannot be considered a nonparty whose privacy is entitled to extra protection[,]" (*see id.* at 12 (quoting July 29 Order at 6)), and, consequently, Magistrate Judge Brooks also erred in deciding that Plaintiff's cases were distinguishable, (*see id.* at 17);

(4)   Magistrate Judge Brooks clearly erred in relying on the expert disclosure requirements in Rule 26 to find that "Dr. Elliott had no 'reasonable expectation of privacy concerning the expert compensation he was paid in the past[,]'" (*see id.* at 19 (quoting July 29 Order at 7)); and

(5)   Magistrate Judge Brooks clearly erred by failing to ensure that the disclosure of Dr. Elliot's financial information was "narrowly circumscribed" and "permitted only to the extent necessary for a fair resolution of the lawsuit."  (*See id.* at 20-21 (quoting *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990); *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999)).)

maintaining its confidentiality—in at least forty cases, (*see* ECF No. 18-1 ¶ 4; *see also* ECF No. 169-2), and even discussed in open court. *See, e.g.*, ECF No. 138-4 at 3; ECF No. 138-5 at 3; ECF No. 138-6 at 3; ECF No. 149-1 ¶¶ 12–14; ECF No. 149-9 at 50:16–19; ECF No. 149-10 at ECF No. 297. "[H]owever confidential [Dr. Elliott's prior expert compensation] may have been beforehand, subsequent to publication it was confidential no longer." *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). Whether "[t]he genie is out of the bottle," *see id.*, or "the cat is out of the bag," *see id.* at 144 n.11, "[t]he information is publicly available on . . . [several] docket[s and PACER], which generally moots any later attempt to seal the documents from public view." *See Al Otro Lado, Inc. v. Wolf*, No. 17CV2366-BAS(KSC), 2020 WL 2097598, at *5 (S.D. Cal. May 1, 2020) (citing *Kamakana*, 447 F.3d at 1184; *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016); *Gambale*, 377 F.3d at 144)), *adopted*, 2020 WL 5422784 (S.D. Cal. Sept. 10, 2020); *see also Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) ("Th[e] relief [Defendants seek] is no longer available because the [exhibits] are now available to the public."); *WAG Acquisition, LLC v. Flying Crocodile, Inc.*, No. 2:19-CV-1278-BJR, 2021 WL 2778578, at *10 (W.D. Wash. July 2, 2021) ("A request to seal information that was publicly disclosed involves 'an inherent logical dilemma' in that 'information that has already entered the public domain cannot in any meaningful way be later removed from the public domain.'" (quoting *Victory Sports & Entm't LLC v. Pedraza,* No. 2:19-cv-00826-APG-NJK, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019))); *In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00474-PHX-DGC, 2018 WL 3725729, at *1 (D. Ariz. June 25, 2018) ("Indeed, with respect to materials used at trial, 'it is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'") (internal citations and quotations omitted). The Court therefore **OVERRULES** Plaintiff's Objection.

/ / /

/ / /

## **CONCLUSION**

In light of the foregoing, the Court **OVERRULES** Plaintiff's Objection (ECF No. 164) to Magistrate Judge Brooks' July 29, 2021 Order Granting Defendants' Motion Challenging the Confidentiality of Expert Compensation Information Pursuant to Stipulated Protective Order [ECF No. 138] and Denying Plaintiff's Motion for Protective Order [ECF No. 147] (ECF No. 160).

**IT IS SO ORDERED.**

Dated:  January 24, 2022

_____
Honorable Linda Lopez
United States District Judge

20-CV-989 LL-RBB