UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PARKS,<br><br>                     Plaintiff,<br><br>v.<br><br>ETHICON, INC.;<br>JOHNSON & JOHNSON,<br><br>                    Defendants. | Case No.: 20cv989-LL-RBB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE MDL ORDER REGARDING LIMITATION ON EXPERTS**<br><br>**[ECF No. 188]** |

Before the Court is Plaintiff's Motion to Enforce the multidistrict litigation (MDL) court's order limiting the number of expert witnesses to five, excluding treating physicians. ECF No. 188. Defendants filed an opposition. ECF No. 189. For the reasons stated below, Plaintiff's Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff filed this lawsuit in 2014 as part of a large multidistrict litigation ("MDL") action before the Honorable Joseph R. Goodwin in the Southern District of West Virginia asserting medical products liability. ECF No. 1; *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, MDL No. 2327 (S.D. W. Va.). The action stems from the surgical implantation of Defendants' pelvic mesh product Gynemesh/Gynemesh PS in January 2010. ECF No. 1 at 3–4; ECF No. 56-1.

1

The MDL court assigned cases to "waves" to go through pretrial discovery and motion practice together, with this case included in Wave 13. ECF No. 188-1 at 2. In all fourteen waves of MDL 2327, Judge Goodwin entered an order limiting each side to no more than five expert witnesses per case, exclusive of treating physicians, because "of the likelihood of overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases." *Id.*; ECF No. 15 at 3.

Before this case was transferred back, Plaintiff filed a motion with the MDL court to strike Defendants' non-retained experts that were in violation of the court's pretrial orders limiting them to five experts. ECF No. 188-1 at 2; ECF No. 54 at 1. The MDL court granted Plaintiff's motion "to the extent plaintiffs seek an order excluding expert witnesses designated by the Ethicon defendants in excess of five. Plaintiffs' Motion is otherwise DENIED." ECF No. 54 at 1.

## II.   DISCUSSION

Plaintiff argues that despite the MDL court's order, Defendants still have fifteen experts designated and they have refused to amend their expert disclosures to five experts. ECF No. 188-1 at 2–3. Defendants argue that they are not violating the MDL court's order because they designated only five retained experts. ECF No. 189 at 2. Defendants state that they also designated one alternative retained expert and nine non-retained experts, but they disagree with Plaintiff's interpretation of the MDL court's order and argue that this Motion is moot. *Id.* at 5. Defendants claim that their alternative expert is only an alternate and has not been designated, and the non-retained experts are past and present employees and advisors with scientific and medical expertise who actively worked on its mesh devices and will testify as to their "hands-on, percipient observations during their employment," which will be based on "their scientific knowledge during the development and continuing evaluation of the products in issue." *Id.* at 2, 4–5. Defendants ask this Court to revisit the issue if it disagrees with their interpretation of the MDL court order in part because Defendants do not believe they should be "forced to choose between retaining the necessary causation experts to counter Plaintiff's retained experts and offering percipient

witness testimony of its own past and present employees and advisors who actively worked on its mesh devices." *Id.* at 4.

Judge Goodwin addressed a similar issue in another case that was part of the same MDL. In *Lankston v. Ethicon, Inc.*, No. MDL No. 2327, 2017 U.S. Dist. LEXIS 223192 (S.D. W. Va. Jan. 12, 2017), the defendants designated four retained experts and seven non-retained experts, asserting that the non-retained experts would "testify primarily as lay witnesses and that they will only testify as experts to the extent 'they may be called upon to answer some questions using knowledge accrued through the course of their employment or training.'" *Id.* at 1–2. Judge Goodwin found that the defendants exceeded the court's express limitation of five experts and explained that because the defendants had only designated four retained experts, they could choose to include one of their non-retained experts. *Id.* at 2. He ordered the remaining experts excluded to the extent they would be offered as experts but stated that "[t]o the extent the defendants seek to elicit lay testimony from them, that testimony is, of course, admissible subject to the evidentiary rulings of the court at trial." *Id.*

This Court is not inclined to refute or revisit an order from the MDL court. *See Kelly v. Ethicon, Inc.*, No. 20-CV-2036-CJW-MAR, 2020 WL 5949225, at *3 (N.D. Iowa Oct. 7, 2020) (declining to revisit Judge Goodwin's order limiting experts and stating, "As a general matter, the [court receiving the case from the MDL court] is bound, upon remand, by the orders entered by the [MDL court] during the coordinated or consolidated pretrial proceedings. Those decisions are considered law of the case." (quoting *In re Welding Fume Prod. Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456, at *2 (N.D. Ohio June 4, 2010)). The order is *Lankston* is clear that the MDL court considered non-retained experts to be subject to the express limit of five experts. Accordingly, the Court **GRANTS** Plaintiff's Motion as follows:

/ / /

/ / /

/ / /

1. Defendants' alternative expert and non-retained experts are excluded.
2. To the extent that Defendants seek to elicit lay testimony from the excluded experts, that testimony is admissible subject to the evidentiary rulings of the court at trial.

**IT IS SO ORDERED**.

Dated:  June 21, 2022

_____
Honorable Linda Lopez
United States District Judge