UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PARKS,<br><br>                        Plaintiff,<br><br>v.<br><br>ETHICON, INC.;<br>JOHNSON & JOHNSON,<br><br>                        Defendants. | Case No.: 20cv989-LL-RBB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE**<br><br>**[ECF No. 205]** |

Presently before the Court is Defendants' Ethicon, Inc. and Johnson & Johnson ("Defendants") Motion for a Separate Trial on Statute of Limitations (Bifurcation) (hereinafter "Motion" or "Motion to Bifurcate"). ECF No. 205. Plaintiff Donna Parks filed an Opposition ("Oppo."). ECF No. 207. The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, **DENIES** Defendants' Motion.

**I.    BACKGROUND**

Plaintiff filed this lawsuit in 2014 as part of a large multidistrict litigation ("MDL") action before the Honorable Joseph R. Goodwin in the Southern District of West Virginia asserting medical products liability. ECF No. 1; *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, MDL No. 2327 (S.D. W. Va.). The action stems from the

surgical implantation of Defendants' pelvic mesh product Gynemesh/Gynemesh PS in January 2010. ECF No. 1 at 3–4; ECF No. 56-1. Plaintiff alleges the following causes of action: (1) negligence, (2) strict liability – manufacturing defect, (3) strict liability – failure to warn, (4) strict liability – defective product, (5) strict liability – design defect, (6) common law fraud, (7) fraudulent concealment, (8) negligent misrepresentation, (9) breach of express warranty, (10) breach of implied warranty, (11) violation of consumer protection laws, (12) loss of consortium, (13) punitive damages, and (14) discovery rule and tolling. ECF No. 1 at 4–5. On October 16, 2020, the Court granted Defendants' motion for summary judgment as to the following causes of action in their entirety: (1) strict liability – manufacturing defect, (2) strict liability – defective product, (3) strict liability – design defect, (4) loss of consortium, (5) breach of express warranty, and (6) breach of implied warranty. ECF No. 109 at 11–12, 18–19.

On May 28, 2020, the MDL court transferred this matter back to this district for trial. ECF No. 55 at 2. On January 5, 2022, this matter was transferred to the undersigned judge. ECF No. 182. The parties have a pretrial conference set in this case on August 18, 2022, at which time the Court will set a trial date. ECF No. 202. Defendants now move to bifurcate, asking the Court to order separate trials with separate juries: one on the statute of limitations defense and one on the merits of the case.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and to economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A district court has "broad discretion" in determining whether to bifurcate a trial under Rule 42(b). *Zivkovic v. S. Cal. Edison Co.*, 302, F.3d 1080, 1088 (9th Cir. 2002). The party seeking bifurcation has the burden to prove bifurcation is justified. *Spectra-Physics Lasers, Inc., v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

/ / /

/ / /

## III. DISCUSSION

Defendants argue that bifurcation on the "threshold issue" of whether Plaintiff's claims are time-barred is warranted because: "a trial on this limited issue could dispose of the case in one day, with no expert testimony, minimal pretrial motion practice, and a vastly reduced number of witnesses and exhibits." Motion at 4. Defendants contend that "a bifurcated trial thus has the potential to reduce the burden of a full trial on the parties, the Court, and jurors." *Id.* Defendants further contend that a separate trial on the statute of limitations defense would promote judicial economy without prejudicing Plaintiff. *Id.* at 7-12.

In response, Plaintiff contends that Defendants have failed to show that bifurcation is proper here. Oppo. at 6. Plaintiff argues that "[D]efendants' statute of limitations argument, even if successful, would not be dispositive of the entire case" because "Plaintiff's claims with three-and four-year statute of limitations are not subject to Defendants' statute of limitations argument." *Id.* at 6. Plaintiff further argues that "[u]nder these circumstances, bifurcating this matter would serve no purpose other than to significantly prejudice Plaintiff and further strain the resources of the federal judiciary already taxed to the limit due to the impact of COVID." *Id.* Plaintiff also argues that separate trials would violate Plaintiff's Seventh Amendment rights. *Id.* at 23.

The Court finds that bifurcating this action will not economize proceedings. It is undisputed that if Defendants do not prevail on their statute of limitations defense, the parties would need to have a second trial on the merits issue. Plaintiff also argues that the statute of limitations defense only applies to certain claims, so the remaining claims would need to be tried on the merits even if Defendants prevailed on the statute of limitations defense on the applicable claims. This situation would require a jury to serve twice with a potentially significant period of time between the two trials. This consideration, among others, convinces the Court that judicial economy is best served by resolving this action in a single trial. *See* Fed. R. Civ. P. 42; *see also* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties

to secure the just, speedy, and inexpensive determination of every action and proceeding."). Therefore, the Court **DENIES** the Motion.[1]

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Bifurcate.

**IT IS SO ORDERED.**

Dated: August 3, 2022

Honorable Linda Lopez
United States District Judge

---

[1] In light of this ruling, it is unnecessary for the Court to address Plaintiff's arguments regarding the Seventh Amendment.