UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PARKS,<br><br>         Plaintiff,<br><br>v.<br><br>ETHICON, INC.;<br>JOHNSON & JOHNSON,<br><br>         Defendants. | Case No.: 20cv989-LL-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE PRECLUSION**<br><br>**[ECF No. 219]** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Issue Preclusion [ECF No. 219 ("Motion" or "Mot.")], Defendants' Corrected Opposition [ECF No. 223 ("Opposition" or "Oppo.")], and Plaintiffs' Reply [ECF No. 225 ("Reply")]. For the reasons stated below, the Motion is **DENIED**.

**I. BACKGROUND**

Plaintiff filed this lawsuit in 2014 as part of a large multidistrict litigation ("MDL") action before the Honorable Joseph R. Goodwin in the Southern District of West Virginia asserting medical products liability. ECF No. 1; *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, MDL No. 2327 (S.D. W. Va.). The action stems from the surgical implantation of Defendants' pelvic mesh product Gynemesh/Gynemesh PS in Plaintiff in January 2010. ECF No. 1 at 3–4; ECF No. 56-1. The causes of action that

Plaintiff will pursue to trial are: (1) negligence – design and failure to warn, (2) strict liability – failure to warn; (3) common law fraud, (4) fraudulent concealment, and (5) negligent misrepresentation. ECF No. 220 at 2. Plaintiff will not pursue any claims under California's Consumer Legal Remedies Act or California's Unfair Competition Law. *Id.*

In 2016, the California Attorney General sued Defendants claiming they misrepresented the risks and complications of their pelvic mesh devices to doctors and patients in violation of the state's Unfair Competition Law ("UCL") and the state's False Advertising Law ("FAL").[1] ECF No. 219-4. After the conclusion of the bench trial, the court issued its statement of decision on January 30, 2020, finding in plaintiff's favor and awarding civil penalties (hereinafter "the AG Action"). *Id.* at 3.

Defendants appealed and in April 2022, the California Court of Appeal affirmed the decision, except in one respect involving the trial court's erroneous factual finding that oral marketing communications were likely to deceive doctors. *People v. Johnson & Johnson*, 77 Cal. App. 5th 295 (2022), *as modified on denial of reh'g* (Apr. 27, 2022), *review denied* (July 13, 2022).

The California Supreme Court denied review on July 13, 2022. *People v. Johnson & Johnson*, No. S274680, 2022 Cal. LEXIS 3871 (July 13, 2022).

## II.   LEGAL STANDARD

### A.   Summary Judgment

Under Federal Rule of Civil Procedure 56, a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant

---

[1] The Court grants Plaintiff's request for judicial notice of the state trial court decision of *People of the State of California v. Johnson & Johnson*, docketed as ECF No. 219-4, which Defendants do not oppose [Oppo. at 21 n.15]. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings that were matters of public record and readily verifiable to determine what issues were raised in the trial court for purposes of issue preclusion); *see also* Fed. R. Evid. 201.

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, disputes must be both (1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and (2) genuine, meaning the evidence must be such that a reasonable judge or jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248). The court must view all justifiable inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255 (citation omitted).

The party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party "would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). If the moving party meets its initial burden of showing the absence of a genuine issue of material fact, the burden then shifts to the opposing party to "present significant probative evidence tending to support its claim or defense." *Id.* (quoting *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991)).

### B. Issue Preclusion

The doctrine of issue preclusion, or collateral estoppel, "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted). A federal court determining the preclusive effect of a state court judgment must follow the state's rules of

preclusion. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 482 (1982)).

In California, an issue of law or fact may be precluded if (1) the issue sought to be precluded from relitigation is identical to that decided in the former proceeding, (2) the issue was actually litigated in the former proceeding, (3) the issue was necessarily decided in the former proceeding, (4) the decision in the former proceeding was final and on the merits, and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341 (1990) (citations omitted). The party seeking issue preclusion bears the burden of establishing these requirements. *Id.* If those threshold requirements are met, then the Court determines whether application of issue preclusion would be consistent with the "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Id.* at 342–43.

## III. DISCUSSION

Plaintiff argues that Defendants should be precluded by the doctrine of issue preclusion from relitigating the issues of fact and law that were previously adjudicated by the state trial court in the AG Action, and so Plaintiff is entitled to summary judgment on those issues. Mot. at 6, 8.

Defendants oppose, arguing that issue preclusion does not apply because the elements of identity of issues and finality of adjudication are not satisfied. Oppo. at 9. Defendants further argue that issue preclusion would be unfair, it would not serve judicial economy, and it would undermine Defendants' Seventh Amendment right to a jury trial. *Id.* at 14–15, 17, 18, 20.

The Court will turn to the argument of issue preclusion and the identical issues element because it finds this to be dispositive in this matter.

California courts consider the following factors to determine whether issues are identical for the purposes of issue preclusion: (1) whether there is substantial overlap between the evidence or argument to be advanced in the second proceeding and that

advanced in the first, (2) whether the new evidence or argument involves application of the same rule of law as that involved in the prior proceeding, (3) whether pretrial preparation and discovery related to the matter presented in the first action could reasonably be expected to have embraced the matter sought to be presented in the second, and (4) whether the claims involved in the two proceedings are closely related. *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1689 (2008) (citation omitted), *as modified on denial of reh'g* (Feb. 14, 2008).

It is clear that the AG Action contained many findings of fact and law. Plaintiff points out that in the AG Action the state trial court issued a 129-page statement of decision, finding that Defendants had violated California's FAL and UCL. Mot. at 6.; ECF No. 219-3, Declaration of Chris W. Cantrell ("Cantrell Decl."), ¶ 5; ECF No. 219-4 (Statement of Decision of AG Action). Plaintiff claims the state trial court "rendered numerous factual findings about the properties of Gynemesh, the material misrepresentations and omissions in the Gynemesh [instructions for use ("IFU")], and Defendants' knowledge of Gynemesh complications at product launch" and that issue preclusion bars Defendants "from relitigating these issues and other factual and legal findings" from the AG Action in this Court. Mot. at 5–6.

Plaintiff separates the findings in the AG Action into "the ones that Defendants appealed," submitted as Exhibit B to Mr. Cantrell's declaration, and "the findings Defendants chose not to appeal," submitted as Exhibit C to Mr. Cantrell's declaration. Mot. at 12; Cantrell Decl. ¶¶ 8–9; ECF Nos. 219-5 (Ex. B), 219-6 (Ex. C). The numerous findings in Exhibit B are grouped into four broad categories: (1) Defendants' knowledge, (2) omissions and misrepresentations in the Gynemesh PS IFU, (3) other findings, and (4) Defendants deceived doctors and patients. ECF No. 219-5. There are six findings specified in Exhibit C involving the following: (1) dangerous properties of Gynemesh PS and other products, (2) patients' risk of thirteen complications from the dangerous properties, (3) the thirteen complications are caused by Gynemesh PS and other products, (4) the polypropylene mesh in the Gynemesh PS and other products degrades and

Defendants were aware of this since 1992, (5) Defendants' knowledge about the dangerous properties and risks of complications since product launch in 1998, and (6) the IFUs for Gynemesh PS and other products misrepresented and omitted information regarding the risks. ECF No. 219-6.

First, the Court finds Plaintiff has not clearly identified which issues she seeks to preclude. In Mr. Cantrell's declaration, he attests that "Exhibit B is a copy of the findings by Judge Sturgeon that Plaintiff requests be granted preclusive effect under the doctrine of issue preclusion" and that "Exhibit C is a copy of the findings of fact by Judge Sturgeon that were not challenged on appeal by Defendants." Cantrell Decl. ¶¶ 8–9. The Court interprets the assertion regarding issue preclusion as to Exhibit B and the omission of such an assertion regarding Exhibit C as an indication that Plaintiff only seeks issue preclusion of the "appealed" findings specified in Exhibit B and not the "unappealed" findings in Exhibit C.

However, there are indications in the Motion that Plaintiff seeks to preclude all factual and legal findings in the AG Action. Although Plaintiff's Motion does not specifically state that she seeks issue preclusion for both "appealed" and "unappealed" findings, it contains arguments for both sets of findings. *See e.g.,* Mot. at 13 (arguing that the "appealed findings are final for issue preclusion"), 15 (arguing that allowing Defendants "a second go-round" on an "unappealed" finding would undermine judicial economy).

Yet there are also indications in the Motion that Plaintiff seeks to preclude only the "unappealed" findings in Exhibit C. Plaintiff relies heavily on *Freeman v. Ethicon, Inc.*, No. 2:20-cv-10661-CBM-(SKx), 2022 WL 3147194, (C.D. Cal. Aug. 4, 2022), a decision by a district court in the Central District of California in another transvaginal mesh case against Defendants granting issue preclusion of certain findings in the same AG Action. Mot. at 6. The question before the court in *Freeman* was whether "the five unappealed factual determinations made in [the AG Action]" were binding on Defendants in [the district court] litigation. *Freeman*, 2022 WL 3147194, at *1. Furthermore, Defendants

appear to believe that the only findings that Plaintiff seeks to preclude are the "unappealed" factual findings. Oppo. at 9 ("Here, Plaintiff asks the Court to give preclusive effect to certain purportedly 'unappealed' factual findings made by the trial judge in the California case."). In her Reply, Plaintiff neither refutes nor makes any comment on this belief that the only findings at issue are the "unappealed" ones.

In addition to the lack of clarity as to which findings Plaintiff seeks to preclude, Plaintiff also fails to identify which issues in this matter are identical to those findings. Plaintiff makes no citations to the operative complaint, the record, nor any evidence to indicate which allegations here are identical to those decided in the AG Action. Instead, Plaintiff makes conclusory statements that "'identical factual allegations' are present" and both cases address the same issues, but cites only to the state appellate court decision largely affirming the AG Action or the *Freeman* case. Mot. at 10. The Court is unable to verify that the findings made in the AG Action are based on the same allegations being made in this matter, nor which cause of action in this matter each pertains to. As a result, the Court is unable to conduct a proper analysis regarding whether the issues are identical for issue preclusion or whether preclusion would promote judicial economy.

The Court finds Plaintiff has failed to meet her burden in establishing the element of identical issues, and so there can be no issue preclusion.[2] *See Hardwick v. Cnty. of Orange*, 980 F.3d 733, 742 (9th Cir. 2020) ("Without identical issues, Preslie could not invoke issue preclusion to bar litigation."); *Lucido v. Superior Ct.*, 51 Cal. 3d at 341.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] Because the Court finds that issue preclusion fails for lack of identical issues, it declines to address Defendants' other arguments.

7

20cv989-LL-RBB

IV. **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment on Issue Preclusion.

**IT IS SO ORDERED**.

Dated: November 2, 2022

Honorable Linda Lopez
United States District Judge